RATTET, PASTERNAK & GORDON OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK (JP-6107)
DAWN K. ARNOLD (DA-0642)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                                  Chapter 11
                                                                                            Case No. 07-11510 (JMP)
La Guardia Tavern Corp.
d/b/a Society
d/b/a Newgate Bar and Grill,

                                        Debtor.

Tax ID: 20-0850497
-------------------------------------------------------------X

**APPLICATION IN SUPPORT OF ORDER AUTHORIZING RETENTION OF KLINGER & KLINGER, LLP AS ACCOUNTANTS FOR THE DEBTOR-IN-POSSESSION, NUNC PRO TUNC, AS OF MAY 17, 2007**

**TO:   THE HONORABLE JAMES M. PECK,
          UNITED STATES BANKRUPTCY JUDGE:**

The application of the above captioned Debtor and Debtor-in-Possession (the "Debtor"), by its president, Robert Thomas Agnew, Jr., makes this application for entry of an Order pursuant to §§ 327(e) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtor to employ and retain Klinger & Klinger, LLP ("Accountants") as accountants, nunc pro tunc as of May 17, 2007. In support of this application, the Debtor submits the Affidavit of Lee Klinger, C.P.A., a member of Accountants (the "Klinger Affidavit")

1

annexed hereto as **Exhibit "A"** and respectfully sets forth and alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code § 105(a), 327 and 328 and Bankruptcy Rule 2014.

## BACKGROUND

4. On or about May 17, 2007 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code (the "Code").

5. Thereafter the instant proceedings were referred to your Honor for administration under the Code.

6. The Debtor has continued in possession of its property and the management of its business affairs as a Debtor-in-possession pursuant to §§1107 and 1108 of the Code.

7. No Official Committee of Unsecured Creditors, trustee or examiner have been appointed. .

## RELIEF REQUESTED

8. The Debtor desires to retain the firm of Klinger & Klinger LLP, <u>nunc</u> <u>pro</u> <u>tunc</u> as of May 17, 2007, to perform necessary accounting services for the Debtor including but not limited to the preparation of operating statements and such other accounting information as is necessary for the successful prosecution of the Debtor's Chapter 11 case and as may be further necessary as set forth in the Klinger Affidavit.

9. Said Accountants have the necessary skills to perform services for the Debtor in proceedings of this kind. The Debtor submits that said Accountants are qualified to perform said services which are necessarily and urgently required by and for the Debtor.

10. Applicant is desirous of retaining said Accountants to perform said services, which are absolutely necessary to the operation and continued activities of the Debtor, and feels that the amounts requested by said Accountants as compensation for the services to be rendered by them is fair and reasonable.

11. To the best of Debtor's knowledge, information and belief, Accountants are disinterested persons within the meaning of 11 U.S.C. Section 101(14), as stated in the Klinger Affidavit.

12. To the best of Debtor's knowledge, information and belief, Accountants are not a pre-petition creditor of the Debtor. Debtor submits that Accountants neither hold nor represent any interests adverse to the Debtor's estate.

13. As a result of the foregoing, Applicant feels that said Accountants are best qualified to perform services which are necessarily required.

14. To the best of Applicant's knowledge, information and belief, Accountants are disinterested persons within the meaning of 11 U.S.C. Section 101(14).

15. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Applicant prays for the entry of the pre-fixed Order annexed hereto as **Exhibit "B"** and for such other and further relief as this Court may deem just and proper.

Dated:  Bronx, New York
        May 22, 2007

                                                                           La Guardia Tavern Corp.
                                                                           d/b/a Society
                                                                           d/b/a Newgate Bar and Grill,

                                                                           */s/ Robert T. Agnew*
                By: _____
                                          Robert Thomas Agnew, Jr.