RATTET, PASTERNAK & GORDON OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK (JP-6107)
DAWN K. ARNOLD (DA-0642)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:                                    Chapter 11
                                          Case No. 07-11510 (JMP)

La Guardia Tavern Corp.
d/b/a Society
d/b/a Newgate Bar and Grill,

                            Debtor.

Tax ID: 20-0850497
---------------------------------------------------------------X

## ORDER AUTHORIZING DEBTOR-IN-POSSESSION TO USE CASH COLLATERAL ON AN INTERIM BASIS <u>PURSUANT TO 11 U.S.C SECTION 363</u>

**UPON** the application (the "Application") of the above captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys Rattet, Pasternak & Gordon Oliver, LLP pursuant to Bankruptcy Rule 4001(b) and Section 363(c)(2) and (b) of the Bankruptcy Code (the "Code") for an Order permitting the Debtor to utilize the cash collateral of the secured creditor M&T Bank ("M&T" or the "Secured Party") pursuant to the terms and conditions stated in the Application seeking authorization for use of cash collateral; an interim hearing having been held thereon on May 31, 2007, and good and sufficient notice having been given, and good and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Debtor is hereby authorized to use cash collateral of the Secured Party as described in the Application, *nunc pro tunc* as of May 17, 2007 on an interim basis in accordance with the terms of a Thirty Day Cash Budget (the "Budget") annexed to the Application; and it is further

**ORDERED**, that for the purposes of providing adequate protection within the meaning of Sections 361 and 363 of the Code, the Debtor shall grant M&T a replacement lien in all of the Debtor's pre-petition and post-petition accounts receivables, to the extent that M&T had valid security interests in the Debtor's pre-petition assets and in the continuing order of priority that existed as of the Filing Date, and subject to the United States Trustee, and fees awarded to Chapter 11 professionals pursuant to either Section 330 and/or 331 of the Bankruptcy Code, as well as continued monthly debt service payments under the relevant M&T loan documents as adequate protection of its secured interest.**;** and it is further

**ORDERED,** that from and after the date of this Order the cash collateral shall not, directly or indirectly, be used to pay administrative expenses of the Debtor and its estate except for those operating expenses set forth in the Budget, the carveouts provided hereinabove, or with the further written consent of the Secured Party, as applicable, or as allowed by this Court; and it is further

**ORDERED,** that notwithstanding the foregoing, the liens and security interests granted to the Secured Party, they shall not be senior to or have priority over the following administration expenses (and, in the case of the U.S. Trustee fee, statutory charges) not otherwise paid by the Debtor: (a) the quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. §1930 (the "U.S. Trustee Carveout"), (b) fees for professionals retained by the Debtor and the Creditor's Committee, if any, as allowed and approved by the Court upon proper application and notice pursuant to Sections 330

and/or 331; and (c) the allowed fees and expenses of a Chapter 7 Trustee under 11 U.S.C. § 726(b)(up to $10,000.00) and/or a Chapter 11 Trustee, including the allowed fees and expenses of the Chapter 7 Trustee's and/or Chapter 11 Trustee's respective Professionals, and it is further

**ORDERED,** that except as otherwise provided herein, all of the terms and provisions of the loan and security documents between the Debtor and the Secured Party are deemed to be binding and enforceable against the Debtor on an interim basis as if such agreements had been re-executed by the Party without the need for filing or recordation or other act in accordance with any applicable local, state or federal law required to create or perfect such lien and security interest; and it is further

**ORDERED**, that except as expressly provided elsewhere in this Order, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or impliedly, or otherwise impair, any of the rights, claims or privileges (whether legal, equitable or otherwise) of the Secured Party with regard to the Debtor under the Code or under non-bankruptcy law not otherwise previously established, effected and compromised hereby or by the Code; and it is further

**ORDERED,** that the Secured Party shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Order; and it is further

**ORDERED**, that the provisions of this Order and any actions taken pursuant hereto shall survive entry of any Order which may be entered confirming or consummating any plan of reorganization for the Debtor's Estate, and the terms and provisions of this Order as well as the priorities in payment, liens, and security interests granted pursuant to this Order shall continue in this or any superceding case

under the Bankruptcy Code, and such priorities in payment, liens and security interests shall maintain its priority as provided by this Order.

Dated: New York, New York
May 31, 2007

*s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE