RATTET, PASTERNAK & GORDON OLIVER, LLP
Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK (JP-6107)
DAWN K. ARNOLD (DA-0642)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              Chapter 11
                                                    Case No. 07-11510 (JMP)

La Guardia Tavern Corp.
d/b/a Society
d/b/a Newgate Bar and Grill,

                              Debtor.
---------------------------------------------------------------X

# DEBTOR'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF NEW YORK UNIVERSITY FOR AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** 3

**ARGUMENT** 4

I. THE DEBTOR HAS ADEQUATELY PROTECTED THE LANDLORD BY TIMELY PAYING POST-PETITION RENT PURSUANT TO 11 U.S.C. § 362 (d)(1) 5

II. THE DEBTOR MAY ASSUME THE LEASE EVEN IF, ASSUMING *ARGUENDO*, THE DEBTOR WAS IN BREACH OF A NON-MONETARY OBLIGATION PRIOR TO ASSUMPTION PURSUANT TO 11 U.S.C. § 365(b)(1)(A) 6

**CONCLUSION** 7

## PRELIMINARY STATEMENT

The Debtor submits this memorandum in opposition to the motion of New York University (the "Landlord") (i) to modify the automatic stay, (ii) for an administrative expense claim, and (iii) for an order compelling payment of post-petition rent (the "Motion").

As set forth in the Debtor's opposition, the Debtor is current in post-petition rent. The Debtor has literally bent over backward to try to avoid any problem with post-petition rent. Knowing the Landlord's aggressive history, the Debtor was very careful about hand delivering the June rent and receiving a receipt on June 1, 2007. In fact, the Debtor paid by Bank Check in the amount of $12,200 representing June base rent ($11,271.79) plus, out of an abundance of caution, an extra amount ($928.21) to cover any as-of-yet unbilled additional rent.

The Debtor sent Landlord's counsel a copy of the Bank Check and receipt, and further requested notification if there was any discrepancy in the amount paid. Instead of contacting the Debtor, the Landlord filed its Motion alleging failure to pay $6,903,94 in post-petition rent. Since the Motion was filed, the Debtor requested an explanation or accounting, but the Landlord has yet to respond. The Landlord's failure to provide any explanation or accounting for the unanticipated additional $6,903,94 charge and its omission of the fact that the Debtor paid $12,200 on June 1st certainly could be viewed as misleading this Court.

As also set forth in the Debtor's opposition, the Debtor is not in breach of any of its non-monetary obligations under the Lease. Landlord's vague allegation that the Debtor is operating "more as a bar" than a restaurant is wholly unsubstantiated and vociferously disputed by the Debtor.

As set forth herein, assuming *arguendo* that the Debtor was in breach of a non-monetary Lease provision, under the new provisions of BAPCA the Debtor has every right to assume the

3

Lease. Congress specifically resolved the split among the Circuits concerning the right to assume a Lease and cure of non-monetary defaults when it enacted the new provision of 11 U.S.C. § 365(b)(1)(A).

Accordingly, the Landlord has failed to provide this Court with any grounds to modify the automatic stay, to grant the Landlord an administrative claim, or to enter an order compelling payment of post-petition rent.

# ARGUMENT

## Point I

### THE DEBTOR HAS ADEQUATELY PROTECTED THE LANDLORD BY TIMELY PAYING POST-PETITION RENT PURSUANT TO 11 U.S.C. § 362 (d)(1)

Timely payment of post-petition rent constitutes adequate protection of a landlord's interest. 11 U.S.C. §362(d)(1). Although lack of adequate protection may constitute "cause" to modify the automatic stay, here, the Landlord timely received a Bank Check for post-petition June rent by hand delivery on June 1st. The Debtor specifically requested that the Landlord provide notice if it disagreed with the amount paid, which was almost $1,000 in excess of the base rent on account of any as-of-yet unbilled additional rent. The Landlord did not notify the Debtor of any discrepancy, but rather filed its Motion alleging approximately $6,900 due without providing any accounting or explanation – the rent ledger attached to the Motion provides information only through early 2006. Notably, the Landlord failed to advise this Court that it had received the $12,200 payment. Despite a subsequent request, the Landlord still has not provided the Debtor with any explanation of the unanticipated $6,900 charge.

Accordingly, the Landlord's interests have been adequately protected and no grounds exist to modify the automatic stay.

**Point II**

**THE DEBTOR MAY ASSUME THE LEASE EVEN IF, ASSUMING *ARGUENDO*, THE DEBTOR WAS IN BREACH OF A NON-MONETARY OBLIGATION PRIOR TO ASSUMPTION PURSUANT TO 11 U.S.C. § 365(b)(1)(A)**

Although the Debtor vociferously disputes it was ever in breach of any non-monetary Lease obligation, even if it had been in breach, the Debtor has the right to assume the Lease pursuant to 11 U.S.C. § 365(b)(1)(A), which provides in relevant part,

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that <u>if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease</u>, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
> (emphasis provided)

Non-monetary breaches that are "historic", such as an obligation not to go dark, are incurable because they happened in the past and cannot be retroactively remedied. Such breaches are not required to be cured before a lease is assumed pursuant to 11 U.S.C. § 365(b)(1)(A). *See*, Collier's on Bankruptcy, 15th ed. ¶ 365.05[3][c], page 365-56. Here, assuming the alleged breach is historic, there is no requirement that it be cured prior to assumption.

6

Non-monetary breaches that are not "historic", but instead subject to cure, may be cured at the time the lease is assumed. 11 U.S.C. § 365(b)(1)(A). *See*, Collier's on Bankruptcy, 15th ed. ¶ 365.05[3][c], page 365-57. The allegation that the Debtor operated "more as a bar" that a restaurant, is not a historic, but rather a curable alleged default. With respect to future performance, a Debtor may assume the Lease so long as it cures the non-monetary default by operating in compliance with the lease at and after the time of assumption. 11 U.S.C. § 365(b)(1)(A). *See*, Collier's on Bankruptcy, 15th ed. ¶ 365.05[3][c], page 365-57.

Accordingly, the Debtor has the ability and authority to assume the Lease, if it so chooses, at a later date during the reorganization process.

## **CONCLUSION**

This Court should deny the Landlord's motion in its entirety, and grant such other relief as the Court deems appropriate, including charging the Landlord with the costs of defending its frivolous motion.

Dated: June 26, 2007
      Harrison, New York

                              RATTET, PASTERNAK & GORDON OLIVER, LLP
                              Attorneys for the Debtor
                              550 Mamaroneck Avenue
                              Harrison, New York 10528
                              (914) 381-7400

                              _____/S/_____
                              By: Dawn K. Arnold  (0642)


To:    Richard Morrissey, Esq., Office of the United States Trustee
        Joshua Losardo, Esq., Belkin Burden Wenig & Goldman LLP
        Mr. John Emerson, M&T Bank